15484
Archie S. Robinson (SB 34789)
Margaret M. Schneck (SB 151695)
Joshua J. Borger (SB 231951)
ROBINSON & WOOD, INC.
227 North First Street
San Jose, CA 95113
Telephone:    408/298-7120
Facsimile:    408/298-0477

asr@robinsonwood.com
mms@robinsonwood.com
jjb@robinsonwood.com

Thomas Schneck (SB 52778)
SCHNECK & SCHNECK
P.O. Box 2-E
San Jose, CA 95113
Telephone:    408/297-9733
Facsimile:    408/297-9748

tschneck@patentvalley.com

Attorneys for Defendant and Counter-claimant
PRIME RETAIL, INC., a California Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PRIME RETAIL, L.P., a Delaware Limited Partnership,<br><br>    Plaintiff,<br><br>vs.<br><br>PRIME RETAIL, INC., a California corporation,<br><br>    Defendant. | Case No. C07 04342 MJJ<br><br>ANSWER TO COMPLAINT;<br>COUNTER CLAIM;<br>DEMAND FOR JURY TRIAL |

Defendant Prime Retail Inc. hereby answers the Complaint of Plaintiff and counterclaims as follows:

//

//

Robinson & Wood, Inc.
227 North First Street
San Jose, CA 95113-1016
(408) 298-7120

1    C07 04342 MJJ
ANSWER TO COMPLAINT; COUNTER CLAIM; REQUEST FOR JURY TRIAL

## ANSWER TO COMPLAINT

1. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1, and therefore denies same.
2. Defendant admits that it is a California Corporation with its principal place of business in Campbell, California. Defendant admits it provides broker services to buyers and sellers of commercial real estate, I.R.C. section 1031 exchange services and represents commercial landlords.
3. Defendant admits that the complaint includes allegations of trademark infringement, unfair competition, false designation of origin and dilution under the Lanham Act and state common and statutory law.
4. Paragraphs 4 and 5 are conclusions of law not allegations of fact. Defendant denies any factual allegations contained in paragraphs 4 and 5.
5. As to paragraph 6 of the complaint, Defendant admits that it transacts business within the State of California and the Northern District of California.
6. As to paragraph 7 of the complaint, Defendant admits that its principle office is located in the Northern District of California. Defendant denies the remainder of paragraph 7.
7. As to paragraph 8 of the complaint, Defendant denies that it has infringed or committed any other wrongful conduct. Defendant admits that it conducts business in Santa Clara County.
8. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9. On that basis defendant denies the factual allegations in paragraph 9.
9. As to paragraph 10, Defendant admits that plaintiff purports to have a registered U.S. Trademark Registration Number 2,436,383 but denies that the registration was due and proper, denies that incontestable status was properly attained and denies the remaining factual allegations in paragraph 10. Defendant contends that Plaintiff's mark is void *ab initio*.
10. Defendant denies the factual allegations of paragraph 11.

Robinson & Wood, Inc.
227 North First Street
San Jose, CA 95113-1016
(408) 298-7120

2    C07 04342 MJJ
ANSWER TO COMPLAINT; COUNTER CLAIM; REQUEST FOR JURY TRIAL

11. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 through 15, inclusive. On that basis defendant denies the factual allegations in paragraph 12 through 15, inclusive.

12. Defendant denies the factual allegations of paragraphs 16 and 17.

13. As to paragraph 18, defendant admits that Plaintiff uses the name Prime Retail which contains words similar to Prime Retail, Inc.'s use of the name Prime Retail, Inc. Defendant denies the remainder of the factual allegations of paragraph 18.

14. Defendant denies the factual allegations of paragraph 19.

15. As to paragraph 20, Defendant admits that it advertises its services in commerce, that it uses a domain name found at <www.primeretailinc.com> and that it uses the name Prime Retail, Inc. Defendant denies the remainder of the factual allegations in paragraph 20.

16. As to paragraph 21, Defendant admits that it registered its domain name on December 3, 2004 but denies the remainder of paragraph 21.

17. As to paragraph 22 through 26, Defendant admits that Plaintiff's counsel and Defendant's counsel exchanged correspondence, which documents speak for themselves. Defendant denies the characterizations of the correspondence as well as the remainder of the factual allegations in paragraphs 22 through 26, inclusive.

18. Defendant denies the allegations of paragraph 27.

19. As to paragraph 28, Defendant incorporates its admissions and denials to paragraphs 1-27 as set forth above.

20. Defendant denies the factual allegations of paragraphs 29 through 35, inclusive, except that Defendant admits that Plaintiff has no control over the services offered by Defendant as stated in the first sentence of paragraph 33.

21. As to paragraph 36, Defendant incorporates its admissions and denials to paragraphs 1-35 as set forth above.

22. Defendant denies the factual allegations of paragraphs 37 through 43, inclusive, except that Defendant admits that Plaintiff has no control over the services offered by Defendant as stated in the first sentence of paragraph 39.

Robinson & Wood, Inc.
227 North First Street
San Jose, CA 95113-1016
(408) 298-7120

3

C07 04342 MJJ

ANSWER TO COMPLAINT; COUNTER CLAIM; REQUEST FOR JURY TRIAL

23. As to paragraph 44, Defendant incorporates its admissions and denials to paragraphs 1-43 as set forth above.

24. Defendant denies the factual allegations of paragraphs 45 through 49, inclusive, except that Defendant admits that Plaintiff has no control over the services offered by Defendant as stated in the first sentence of paragraph 47.

25. As to paragraph 50, Defendant incorporates its admissions and denials to paragraphs 1-49 as set forth above.

26. Defendant denies the factual allegations of paragraphs 51 through 54, inclusive.

27. As to paragraph 55, Defendant incorporates its admissions and denials to paragraphs 1-54 as set forth above.

28. Defendant denies the factual allegations of paragraphs 56 through 58, inclusive.

29. As to paragraph 59, Defendant incorporates its admissions and denials to paragraphs 1-58 as set forth above.

30. Defendant denies the factual allegations of paragraphs 60 through 62, inclusive.

31. As to paragraph 63, Defendant incorporates its admissions and denials to paragraphs 1-62 as set forth above.

32. Defendant denies the factual allegations of paragraphs 64 through 65, inclusive.

33. As to the prayer, Defendant denies that Plaintiff is entitled to any relief, denies that Plaintiff has been damaged in any amount, denies that Plaintiff is entitled to injunction or judgment and denies all of the factual allegations, conclusions of law and argument contained in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense** – Invalid Trademark

U.S. Trademark Reg. No. 2,436,383 for the service mark "Prime Retail" was improperly registered by the US Patent and Trademark Office and is not valid.

**Second Affirmative Defense** – Generic Words – No Trademark *Ab Initio*

U.S. Trademark Reg. No. 2,436,383 for the mark PRIME RETAIL was improperly registered by the US Patent and Trademark Office and is not valid as a trademark because the

Robinson & Wood, Inc.
227 North First Street
San Jose, CA 95113-1016
(408) 298-7120

4

C07 04342 MJJ

ANSWER TO COMPLAINT; COUNTER CLAIM; REQUEST FOR JURY TRIAL

words "prime retail" were generic *ab initio* in relation to services described in Plaintiff's application and are generic today.

**Third Affirmative Defense** – Merely Descriptive

The mark "Prime Retail" is merely descriptive of Plaintiff's services and said mark has not become distinctive of Plaintiff's services in interstate commerce.

**Fourth Affirmative Defense** - Abandonment [15 USC 1127]

Defendant is informed and believes and on that basis alleges that Plaintiff has ceased use of "prime retail" in the context of sales, development and management of retail space has caused the PRIME RETAIL mark to become the generic name of the space being sold, developed and managed.

**Fifth Affirmative Defense** – Abandonment by Use of Alternate Form [15 USC 1115(b)(2)]

Plaintiff has abandoned the use of the registered mark PRIME RETAIL because its public use of the mark is not PRIME RETAIL but is a wholly distinct stylized form consisting of the numeral "1" in place of the letter "I" as in "PR1ME." Additionally, the numeral "1" appears in a red circle. The word RETAIL is in a smaller font below "PR1ME." Plaintiff has also substituted use of "PR1ME OUTLETS" for use of PRIME RETAIL in commerce. By use of such alternate and distinct marks, Plaintiff has abandoned PRIME RETAIL in the form of its registration apart from company name use on business documents.

**Sixth Affirmative Defense** –Fraudulent Registration [15 USC 1115 (b)(1)]

Defendant is informed and believes and thereon alleges that U.S. Trademark Reg. No. 2,436,383 for the mark PRIME RETAIL was improperly registered by the US Patent and Trademark Office and is not valid because Plaintiff submitted a fraudulent trademark application in the following respects:

a.   Plaintiff claimed a date of first use in interstate commerce of March 22, 1994 and Defendant is informed and believes the mark was not in use at that time on all of the services claimed by Plaintiff.

b.   Defendant is informed and believes that Plaintiff submitted a false first declaration dated June 19, 1999 stating under penalty of perjury that "no other person, firm, corporation, or

ROBINSON & WOOD, INC.
227 NORTH FIRST STREET
SAN JOSE, CA 95113-1016
(408) 298-7120

5                                                          C07 04342 MJJ
ANSWER TO COMPLAINT; COUNTER CLAIM; REQUEST FOR JURY TRIAL

association has the right to use the above identified mark in commerce, either in the identical form thereof or in such near resemblance thereto as may be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive." Defendant is informed and believes that Plaintiff was aware that many other persons, firms, corporations or associations had the right to use similar or the same names.

     c.    Defendant is informed and believes that Plaintiff submitted a second false declaration dated January 17, 2000 repeating the first declaration and adding an averment that the mark had "become distinctive of the services recited in the subject application through Applicant's substantially exclusive and continuous use in commerce of PRIME RETAIL for at least the five years immediately before the date of this statement for the services recited in the application." Defendant is informed and believes that Plaintiff was aware that many other persons, firms, corporations or associations had the right to use similar or the same names and were in fact using such names.

     d.    Defendant is informed and believes that Plaintiff submitted incomplete, improper and/or misleading evidence to the USPTO in support of its arguments to the examiner in favor of allowance. The improper evidence constituted fraud on the USPTO and is inconsistent on its face with declarations by Plaintiff that *no other parties* used or had the right to use PRIME RETAIL, since the evidence demonstrates that numerous other references to "prime retail," not affiliated with Plaintiff, existed in the Nexis database at that time.

**Seventh Affirmative Defense** – Estoppel [15 USC (b)(9)]

During the prosecution of its application for U.S. Trademark Reg. No. 2,436,383 for the mark PRIME RETAIL, Plaintiff was faced with rejection of its application based upon other users of a PRIME mark, specifically PRIME SITE, INC. and PRIME-PM both including "real estate/property management services" and both registered. In response, Plaintiff argued and represented that *similar and identical marks could co-exist* if services could be slightly distinguished. Plaintiff also argued and represented to the USPTO that the cited marks had already been co-existing in the business world with its proposed mark and therefore, *even if the marks were considered identical, confusion is not likely*. Plaintiff is now asserting its PRIME

Robinson & Wood, Inc.
227 North First Street
San Jose, CA 95113-1016
(408) 298-7120

6    C07 04342 MJJ
ANSWER TO COMPLAINT; COUNTER CLAIM; REQUEST FOR JURY TRIAL

RETAIL registration against Defendant's use of PRIME RETAIL when it has already argued and admitted (for purposes of obtaining its mark) that identical marks would not be confused even if third party users were in "real estate/property management services" and the real estate fields of all of the cited references. Plaintiff has also argued and admitted that even if the services were identical, very slight differences in the reference marks could distinguish them. By its representations to the USPTO to gain allowance of its application, Plaintiff consented to co-existence of identical names or marks in the field of "real estate/property management services" and is estopped from objecting to identical names in the field of real estate/property management services and all of the real estate fields of all of the cited references or from objecting to identical services in the situation where the marks in use are slightly different.

**Eighth Affirmative Defense** - Functional [15 USC 1115(8)]

U.S. Trademark Reg. No. 2,436,383 for the mark PRIME RETAIL was improperly registered by the US Patent and Trademark Office and is not valid as a trademark because PRIME RETAIL is functional when applied to real estate services, designating a type of real estate.

**Ninth Affirmative Defense** - Fraudulent Statement of Incontestability [15 USCA 1065; 15 USC 1115 (b)(1)]

On March 20, 2007 Plaintiff submitted a declaration under penalty of perjury that Plaintiff had been continuously using the registered mark for PRIME RETAIL for 5 years after the registration for all of the services shown in the registration in order to gain incontestability under Section 15 of the Trademark Act, 15 USCA 1065. Defendant is informed and believes that Plaintiff had not used PRIME RETAIL for all of the services shown in the registration.

**Tenth Affirmative Defense** – Bad Faith in Statement of Incontestability [15 USC 1065]

Plaintiff submitted a declaration with a proposed Statement of Incontestability on March 20, 2007. The declaration submitted by Plaintiff in support of its Statement represents that "there is no proceeding involving said rights pending." While Plaintiff's application was pending, on April 4, 2007, Plaintiff initiated the present dispute by sending a "cease and desist" letter to defendant wherein plaintiff threatened litigation. Plaintiff failed to notify the USPTO of the

ROBINSON & WOOD, INC.
227 NORTH FIRST STREET
SAN JOSE, CA 95113-1016
(408) 298-7120

7                                    C07 04342 MJJ
ANSWER TO COMPLAINT; COUNTER CLAIM; REQUEST FOR JURY TRIAL

alleged infringing use by Defendant and its claim against Defendant. Plaintiff's failure to make Defendant's use and its claim against Defendant known to the USPTO during pendency of the Statement was in bad faith and fraudulent because Plaintiff knew of the alleged infringing use and its potential claim against Defendant but failed to notify the USPTO, an act that nullifies the asserted incontestability of Plaintiff's registration.

**Eleventh Affirmative Defense** – Incontestable Status Improvidently Granted by USPTO [15 USC 1065(4)]

The mark PRIME RETAIL is generic for real estate services for which the mark is registered and no incontestable right may exist for such services.

**Twelfth Affirmative Defense** - Some Services Not for Public

Defendant is informed and believes that U.S. Trademark Reg. No. 2,436,383 for the mark PRIME RETAIL is void *ab initio* because, at the time Plaintiff filed the application for registration and subsequently, Plaintiff was performing at least some of the services listed in its application for registration for itself and not for others and services performed for oneself cannot be the subject of a federal service mark registration.

**Thirteenth Affirmative Defense** – No Substantial Likelihood of Confusion [15 USC 1114]

Defendant is informed and believes that there is no likelihood of confusion among the public over the source of the services of the parties.

**Fourteenth Affirmative Defense** – Laches [15 USC 1115(9)]

Plaintiff's claims are barred by the equitable doctrine of laches.

**Fifteenth Affirmative Defense** – Acquiescence [15 USC 1115(9)]

Plaintiff's claims are barred by the equitable doctrines of waiver and acquiescence.

**Sixteenth Affirmative Defense** – Good Faith

Defendant's use of the name Prime Retail for its real estate sales company was and is in good faith and a fair use of the term or terms which is permitted under the law.

**Seventeenth Affirmative Defense** – Advice of Counsel

Defendant acted in good faith because it obtained advice of counsel concerning its use of the name.

ROBINSON & WOOD, INC.
227 NORTH FIRST STREET
SAN JOSE, CA 95113-1016
(408) 298-7120

8                                                                C07 04342 MJJ
ANSWER TO COMPLAINT; COUNTER CLAIM; REQUEST FOR JURY TRIAL

**Eighteenth Affirmative Defense** – Litigation Privilege [Cal. Civil Code 47(b)]

The communications between counsel were made in advance of litigation and cannot be the basis for claims between the parties pursuant to the California litigation privilege.

**Nineteenth Affirmative Defense** – Failure to State a Claim [FRCP 12]

Plaintiff fails to state a claim upon which relief can be granted.

**Twentieth Affirmative Defense** – Statute of Limitations

Defendant is informed and believes that Plaintiff's claims are barred by the applicable statute of limitations.

## COUNTERCLAIM

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant and Counter-claimant hereby counterclaims against Plaintiff and Counter-Defendant, and avers that:

1. Plaintiff and Counter-Defendant, Prime Retail, L.P. is a limited partnership of the State of Delaware, having its principal place of business at 217 East Redwood Street, 20th Floor, Baltimore, Md. 21202. Upon information and belief, Counter-Defendant formerly did business in Santa Clara County as The Prime Outlets at Gilroy Limited Partnership.

**Jurisdiction**

2. This is an action for declaratory relief pursuant to the Declaratory Judgment Act, 28 USC 2201 and 2202, on claims that arise under the Trademark Act, 15 USC 1051 et seq., for cancellation of U.S. Trademark Reg. No. 2,436,383 and for infringement of Defendant and Counter-claimant's trade name pursuant to California law.

3. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 USC 1331, 1338(a) in that the counterclaims address federal questions concerning the Trademark Act, and pursuant to 15 USC 1064 for cancellation of a federally registered service mark.

**Factual Allegations**

4. Defendant and Counter-claimant has been engaged in the business of sales of commercial real estate including I.R.C. section 1031 tax exchanges and landlord representation in Santa Clara County since December 2004, having duly registered with the California

ROBINSON & WOOD, INC.
227 NORTH FIRST STREET
SAN JOSE, CA 95113-1016
(408) 298-7120

9

ANSWER TO COMPLAINT; COUNTER CLAIM; REQUEST FOR JURY TRIAL

C07 04342 MJJ

1  Secretary of State and used the corporate name "Prime Retail, Inc." at all times since then.

2  5. At the time Defendant and Counter-claimant registered its name with the California Secretary of State, Plaintiff and Counter-defendant had abandoned its registration with the California Secretary of State.

6. Defendant and Counter-claimant is informed and believes that Plaintiff and Counter-Defendant Prime Retail, LP was doing business in California prior to 2004 and continuing to the present, at the same time as Prime Retail, Inc. without complaining or notifying Defendant and Counter-claimant of its allegedly competing use of the name Prime Retail until 2007.

7. In 2000, Plaintiff and Counter Defendant sold the Gilroy Outlets in Santa Clara County which it no longer operates.

8. Defendant and Counter-claimant is informed and believes that Plaintiff and Counter-Defendant has no current operations in Santa Clara County and no plans to conduct business operations in Santa Clara County.

9. Defendant and Counter-claimant is informed and believes that Plaintiff and Counter-Defendant has no valid US Trademark.

10. Defendant and counter-claimant is informed and believes that at the time Plaintiff and Counter-defendant filed the application for registration and subsequently, Plaintiff and Counter-defendant was performing at least some of the services listed in its application for registration for itself and not for others.

11. Defendant and counter-claimant is informed and believes that U.S. Trademark Reg. No. 2,436,383 for the mark PRIME RETAIL is void *ab initio* because PRIME RETAIL is generic, merely descriptive and/or functional.

12. Defendant and counter-claimant is informed and believes and thereon alleges that U.S. Trademark Reg. No. 2,436,383 for the mark PRIME RETAIL was improperly registered by the US Patent and Trademark Office and is not valid because Plaintiff and Counter-defendant submitted a fraudulent trademark application in the following respects:

   a. Plaintiff and Counter-defendant claimed a date of first use in interstate commerce

ROBINSON & WOOD, INC.
227 NORTH FIRST STREET
SAN JOSE, CA 95113-1016
(408) 298-7120

10                                              C07 04342 MJJ
ANSWER TO COMPLAINT; COUNTER CLAIM; REQUEST FOR JURY TRIAL

of March 22, 1994 and Defendant and counter-claimant is informed and believes the mark was not in use at that time on all of the services claimed by Plaintiff and Counter-defendant.

    b.    Defendant and counter-claimant is informed and believes that Plaintiff and Counter-defendant submitted a false first declaration dated June 19, 1999 stating under penalty of perjury that "no other person, firm, corporation, or association has the right to use the above identified mark in commerce, either in the identical form thereof or in such near resemblance thereto as may be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive." Defendant and counter-claimant is informed and believes that Plaintiff and Counter-defendant was aware that many other persons, firms, corporations or associations had the right to use similar or the same names.

    c.    Defendant and counter-claimant is informed and believes that Plaintiff and Counter-defendant submitted a second false declaration dated January 17, 2000 repeating the first declaration and adding an averment that the mark had "become distinctive of the services recited in the subject application through Applicant's substantially exclusive and continuous use in commerce of PRIME RETAIL for at least the five years immediately before the date of this statement for the services recited in the application." Defendant and counter-claimant is informed and believes that Plaintiff and Counter-defendant was aware that many other persons, firms, corporations or associations had the right to use similar or the same names and were in fact using such names.

    d.    Defendant and counter-claimant is informed and believes that Plaintiff and Counter-defendant submitted incomplete, improper and/or misleading evidence to the USPTO in support of its arguments to the examiner in favor of allowance. The improper evidence constituted fraud on the USPTO and is inconsistent on its face with declarations by Plaintiff and Counter-defendant that *no other parties* used or had the right to use PRIME RETAIL, since the evidence demonstrates that numerous other references to "prime retail," not affiliated with Plaintiff and Counter-defendant, existed in the Nexis database at that time.

13. Defendant and counter-claimant is informed and believes and thereon alleges that U.S. Trademark Reg. No. 2,436,383 for the mark PRIME RETAIL was improperly registered

ROBINSON & WOOD, INC.
227 NORTH FIRST STREET
SAN JOSE, CA 95113-1016
(408) 298-7120

11

C07 04342 MJJ

ANSWER TO COMPLAINT; COUNTER CLAIM; REQUEST FOR JURY TRIAL

1  by the US Patent and Trademark Office and is not valid as a trademark because PRIME RETAIL is functional when applied to real estate services, designating a type of real estate.

14. Defendant and Counter-claimant is informed and believes that Plaintiff and Counter-Defendant has abandoned its US Trademark as follows:

   a. Plaintiff and Counter-defendant has abandoned the use of the registered mark PRIME RETAIL because its public use of the mark is not PRIME RETAIL but is a wholly distinct stylized form consisting of the numeral "1" in place of the letter "I" as in "PR1ME." Additionally, the numeral "1" appears in a red circle. The word RETAIL is in a smaller font below "PR1ME." Plaintiff and Counter-defendant has also substituted use of "PR1ME OUTLETS" for use of PRIME RETAIL in commerce. By use of such alternate and distinct marks, Plaintiff and Counter-defendant has abandoned PRIME RETAIL in the form of its registration apart from company name use on business documents.

   b. Defendant and counter-claimant is informed and believes that Plaintiff and Counter-defendant never used the registered mark in commerce except in business documents as a company name.

15. Defendant and Counter-claimant is informed and believes that Plaintiff and Counter-Defendant procured incontestable status by misrepresentation as follows: On March 20, 2007 Plaintiff and Counter-defendant submitted a declaration under penalty of perjury that Plaintiff and Counter-defendant had been continuously using the registered mark for PRIME RETAIL for 5 years after the registration for all of the services shown in the registration in order to gain incontestability under Section 15 of the Trademark Act, 15 USCA 1065. Defendant and counter-claimant is informed and believes that Plaintiff and Counter-defendant had not used PRIME RETAIL for all of the services shown in the registration.

16. Plaintiff and Counter-defendant submitted a declaration with a proposed Statement of Incontestability on March 20, 2007. The declaration submitted by Plaintiff and Counter-

ROBINSON & WOOD, INC.
227 NORTH FIRST STREET
SAN JOSE, CA 95113-1016
(408) 298-7120

12   C07 04342 MJJ
ANSWER TO COMPLAINT; COUNTER CLAIM; REQUEST FOR JURY TRIAL

defendant in support of its Statement represents that "there is no proceeding involving said rights pending." While Plaintiff and Counter-defendant's application was pending, on April 4, 2007, Plaintiff and Counter-defendant initiated the present dispute by sending a "cease and desist" letter to defendant wherein plaintiff threatened litigation. Plaintiff and Counter-defendant failed to notify the USPTO of the alleged infringing use by Defendant and counter-claimant and its claim against Defendant and counter-claimant. Plaintiff and Counter-defendant's failure to make Defendant and counter-claimant's use and its claim against Defendant and counter-claimant known to the USPTO during pendency of the Statement was in bad faith and fraudulent because Plaintiff and Counter-defendant knew of the alleged infringing use and its potential claim against Defendant and counter-claimant but failed to notify the USPTO, an act that nullifies the asserted incontestability of Plaintiff and Counter-defendant's registration.

17. The mark PRIME RETAIL is generic for real estate services for which the mark is registered and no incontestable right may exist for such services.

**FIRST CAUSE OF ACTION – Declaration that Mark is Void *Ab Initio***

18. Defendant and Counter-claimant repeats and alleges the material allegations contained in paragraphs 1-17 of its Counterclaims as if fully set forth herein.

19. Defendant and Counter-claimant is informed and believes that Plaintiff and Counter-Defendant's registered mark PRIME RETAIL is generic and/or functional.

20. Services performed for oneself cannot be the subject of a federal service mark registration and defendant and counter-claimant is informed and believes that Plaintiff and Counter-Defendant's services were and are rendered to itself.

21. Defendant and Counter-claimant is informed and believes that Plaintiff and Counter-Defendant's registration was procured by fraud and misrepresentation to the USPTO.

22. Accordingly US Trademark Reg. number 2,436,383 should be declared void *ab initio*.

**SECOND CAUSE OF ACTION – Cancellation**

23. Defendant and Counter-claimant repeats and alleges the material allegations contained in paragraphs 1-22 of its Counterclaims as if fully set forth herein.

ROBINSON & WOOD, INC.
227 NORTH FIRST STREET
SAN JOSE, CA 95113-1016
(408) 298-7120

13    C07 04342 MJJ
ANSWER TO COMPLAINT; COUNTER CLAIM; REQUEST FOR JURY TRIAL

24. Defendant and Counter-claimant is informed and believes that Plaintiff and Counter-Defendant's registration has been abandoned by its use of an alternate designation in place of PRIME RETAIL.

25. Defendant and Counter-claimant is informed and believes that Plaintiff and Counter-Defendant's registration has been abandoned because the term Prime Retail has become generic.

26. Defendant and Counter-claimant is informed and believes that the services described in Plaintiff and Counter-Defendant's trademark application are merely descriptive and did not attain secondary meaning within the meaning of the Trademark Act and therefore Plaintiff and Counter-Defendant's mark should be cancelled.

27. Defendant and Counter-claimant is informed and believes that the words PRIME RETAIL are functional and not a source of services and therefore Plaintiff and Counter-Defendant's mark should be cancelled.

28. Defendant and Counter-claimant is informed and believes that the words of the mark are generic and not understood as a source of services and therefore Plaintiff and Counter-Defendant's mark should be cancelled.

29. Defendant and Counter-claimant is informed and believes that Plaintiff and Counter-Defendant's trademark was procured by fraud and misrepresentation in its application and therefore Plaintiff and Counter-Defendant's mark should be cancelled.

30. Accordingly US Trademark Reg. number 2,436,383 should be cancelled.

**THIRD CAUSE OF ACTION – Declaration of Rights Based on Estoppel**

31. Defendant and Counter-claimant repeats and alleges the material allegations contained in paragraphs 1-30 of its Counterclaims as if fully set forth herein.

32. In the USPTO Plaintiff and Counter-Defendant admitted that identical marks could co-exist for slightly different services. With this statement, Plaintiff and Counter-Defendant admitted it sought only a service mark registration of very narrow scope. Plaintiff and Counter-Defendant should not be permitted to now expand the scope of its service mark registration to encompass Defendant and Counter-claimant's use of its name.

ROBINSON & WOOD, INC.
227 NORTH FIRST STREET
SAN JOSE, CA 95113-1016
(408) 298-7120

33. Accordingly US Trademark Reg. number 2,436,383 should be declared by the court to be a narrow registration and Defendant and Counter-claimant's use of Prime Retail, Inc. should be declared to be non-infringing and fair use.

**FOURTH CAUSE OF ACTION – Infringement of California Trade Name Right**

34. Defendant and Counter-claimant repeats and alleges the material allegations contained in paragraphs 1-33 of its Counterclaims as if fully set forth herein.

35. Since the service mark registration of Plaintiff and Counter-Defendant is invalid or void or not applicable as set forth herein, Defendant and Counter-claimant is the superior owner of the company name PRIME RETAIL pursuant to a Certificate of the California Secretary of State and California Business and Professions Code 14415, 14417. Defendant and Counter-claimant is informed and believes that it is the first user of the company name PRIME RETAIL in the local area of Santa Clara County. Defendant and Counter-claimant is informed and believes that Plaintiff and Counter-Defendant operates "PRIME OUTLET" malls in California under the trade name PRIME RETAIL and is therefore imitating Defendant and Counter-claimant's trade name PRIME RETAIL to which Defendant and Counter-claimant has an exclusive and superior right pursuant to California law.

36. Under California law, Defendant and Counter-claimant is the owner of the PRIME RETAIL trade name in Santa Clara County.

37. Defendant and Counter-claimant is informed and believes that Plaintiff and Counter-Defendant is attempting to appropriate the good will built up by Defendant and Counter-claimant under the PRIME RETAIL company name by using the PRIME RETAIL corporate name and attempting to prevent Defendant and Counter-claimant's use by asserting broad exclusive rights in PRIME RETAIL that it does not own, and confusing the public with identical company names. Defendant and Counter-claimant has been damaged by these actions in violation of its state trade name according to proof.

**Relief Requested**

Wherefore, Defendant and Counter-claimant respectfully prays the Court:

ANSWER TO COMPLAINT; COUNTER CLAIM; REQUEST FOR JURY TRIAL

A. Declare that US Trademark Reg. No. 2,436,383 is void *ab initio*.

B. Order the cancellation of U.S. Trademark Reg. No. 2,436,383.

C. Declare that no right of incontestability exists with regard to U.S. Trademark Reg. No. 2,435,383.

D. Declare that the service mark rights, unfair competition claim rights and dilution rights asserted in the Complaint are invalid or without merit and dismiss Plaintiff's complaint in its entirety with prejudice.

E. Declare that Plaintiff and Counter Defendant's appropriation of the company name PRIME RETAIL in Santa Clara County is unlawful as to Defendant and Counter-claimant's prior use of the name in Santa Clara County.

F. Pursuant to California Business and Professions Code 14402, confirm that Defendant and Counter-claimant is the owner of the PRIME RETAIL company name in Santa Clara County and adjacent counties and enjoin Plaintiff and Counter Defendant from using the PRIME RETAIL company name in Santa Clara County.

G. Award Defendant and Counter-claimant reasonable costs and attorney fees pursuant to 15 USC 1117(a) associated with this suit.

H. Award such other and further relief as the Court deems just and proper.

**REQUEST FOR JURY TRIAL**

Cross-complainant hereby requests a jury trial on all available issues.

Dated: September 11, 2007        ROBINSON & WOOD, INC.

By _____
ARCHIE S. ROBINSON
MARGARET M. SCHNECK
JOSHUA J. BORGER
Attorneys for Defendant
PRIME RETAIL, INC.,
a California corporation

ROBINSON & WOOD, INC.
227 NORTH FIRST STREET
SAN JOSE, CA 95113-1016
(408) 298-7120

16                                   C07 04342 MJJ
ANSWER TO COMPLAINT; COUNTER CLAIM; REQUEST FOR JURY TRIAL