DLA PIPER US LLP
EUGENE M. PAK (State Bar No. 168699)
153 Townsend Street, Suite 800
San Francisco, CA 94107-1957
eugene.pak@dlapiper.com
Phone: 415.836.2500
Fax: 415.836.2501

DLA PIPER US LLP
ANN K. FORD *(to be admitted pro hac vice)*
THOMAS E. ZUTIC *(to be admitted pro hac vice)*
RYAN C. COMPTON *(to be admitted pro hac vice)*
1200 Nineteenth Street, NW
Washington, DC 20036-2412
Phone: 202.861.3900
Fax: 202.223.2085

*Attorneys for Plaintiff and Counter-Defendant*
PRIME RETAIL, L.P., a Delaware Limited Partnership

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIME RETAIL, L.P. a Delaware Limited Partnership, <br><br> Plaintiff, <br><br> vs. <br><br> PRIME RETAIL, INC. a California corporation, <br><br> Defendant. | Case No. 3:07-CV-4342 MJJ <br><br> **PLAINTIFF/COUNTER-DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM** |

**PLAINTIFF / COUNTER-DEFENDANT'S ANSWER,
AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL**

Plaintiff and Counter-Defendant Prime Retail, L.P. ("Prime Retail"), through undersigned counsel, hereby sets forth its Answer and Affirmative Defenses to Defendant and Counter-Plaintiff Prime Retail, Inc.'s ("Counter-Plaintiff") Counter-Claim as follows:

- 1 -

1. Prime Retail admits that it is a limited partnership of the State of Delaware, having its principal place of business at 217 East Redwood Street, 20th Floor, Baltimore, Maryland 21202. Prime Retail further admits that it has formerly operated as "The Prime Outlets at Gilroy Limited Partnership" in Santa Clara County. To the extent that the remaining allegations in Paragraph 1 of the Counter-Claim require a legal conclusion, Prime Retail denies the same.

2. Paragraph 2 is a conclusion of law, not an allegation of facts. Prime Retail denies any factual allegations contained in Paragraph 2.

3. Paragraph 3 is a conclusion of law, not an allegation of facts. Prime Retail denies any factual allegations contained in Paragraph 3.

4. Prime Retail is without knowledge or information sufficient to form a belief as to the truth of the statements contained in Paragraph 4 of the Counter-Claim, and therefore denies same.

5. Prime Retail is without knowledge or information sufficient to form a belief as to the truth of the statements contained in Paragraph 5 of the Counter-Claim, and therefore denies same.

6. Prime Retail admits that it has operated in California prior to 2004 continuing to the present. Prime Retail is without knowledge or information sufficient to form a belief as to the truth of the remaining statements contained in Paragraph 6 of the Counter-Claim, and therefore denies same.

7. Prime Retail admits the statements contained in Paragraph 7 of the Counter-Claim.

8. Prime Retail admits that it has no current operations located in Santa Clara County, California. Prime Retail denies the remaining allegations contained in Paragraph 8 of the Counter-Claim.

9. Prime Retail denies the allegations contained in Paragraph 9 of the Counter-Claim.

10. Prime Retail admits that at the time it filed its application for registration and subsequently, that it has provided all services listed in its application for registration to others and, in some cases, has provided some services listed in its application for registration also for itself. Prime Retail denies the remaining allegations contained in Paragraph 10 of the Counter-Claim.

11. Prime Retail denies the allegations contained in Paragraph 11 of the Counter-Claim.

12. Prime Retail denies the allegations contained in Paragraph 12 of the Counter-Claim.

13.   Prime Retail denies the allegations contained in Paragraph 13 of the Counter-Claim.

14.   Prime Retail denies the allegations contained in Paragraph 14 of the Counter-Claim.

15.   Prime Retail denies the allegations contained in Paragraph 15 of the Counter-Claim.

16.   Prime Retail admits that it submitted a declaration with a proposed Statement of Incontestability on March 20, 2007 and that such declaration states that "there is no proceeding involving said rights pending." Prime Retail further admits that it sent to Counter-Plaintiff a letter on April 4, 2007 concerning Counter-Plaintiff's use of its infringing trademark and trade name. Prime Retail denies all additional allegations contained in Paragraph 16 of the Counter-Claim.

17.   Prime Retail denies the allegations contained in Paragraph 17 of the Counter-Claim.

18.   Prime Retail incorporates by reference its responses to Paragraphs 1 through 17 of the Counter-Claim as though set forth fully herein.

19.   Prime Retail denies the allegations contained in Paragraph 19 of the Counter-Claim.

20.   Prime Retail denies the allegations contained in Paragraph 20 of the Counter-Claim.

21.   Prime Retail denies the allegations contained in Paragraph 21 of the Counter-Claim.

22.   Prime Retail denies the allegations contained in Paragraph 22 of the Counter-Claim.

23.   Prime Retail incorporates by reference its responses to Paragraphs 1 through 22 of the Counter-Claim as though set forth fully herein.

24.   Prime Retail denies the allegations contained in Paragraph 24 of the Counter-Claim.

25.   Prime Retail denies the allegations contained in Paragraph 25 of the Counter-Claim.

26.   Prime Retail denies the allegations contained in Paragraph 26 of the Counter-Claim.

27.   Prime Retail denies the allegations contained in Paragraph 27 of the Counter-Claim.

28.   Prime Retail denies the allegations contained in Paragraph 28 of the Counter-Claim.

29.   Prime Retail denies the allegations contained in Paragraph 29 of the Counter-Claim.

30.   Prime Retail denies the allegations contained in Paragraph 30 of the Counter-Claim.

31. Prime Retail incorporates by reference its responses to Paragraphs 1 through 30 of the Counter-Claim as though set forth fully herein.

32. Prime Retail denies the allegations contained in Paragraph 32 of the Counter-Claim.

33. Prime Retail denies the allegations contained in Paragraph 33 of the Counter-Claim.

34. Prime Retail incorporates by reference its responses to Paragraphs 1 through 33 of the Counter-Claim as though set forth fully herein.

35. Prime Retail denies the allegations contained in Paragraph 35 of the Counter-Claim.

36. Prime Retail denies the allegations contained in Paragraph 36 of the Counter-Claim.

37. Prime Retail denies the allegations contained in Paragraph 37 of the Counter-Claim.

## **AFFIRMATIVE DEFENSES**

### **FIRST DEFENSE**

Counter-Plaintiff's Counter-Claim should be dismissed on the ground that Counter-Plaintiff has failed to state a claim upon which relief can be granted.

### **SECOND DEFENSE**

Counter-Plaintiff's Counter-Claim should be dismissed and claims are barred, precluded or limited insofar as Counter-Plaintiff lacks standing to bring the claims asserted herein.

### **THIRD DEFENSE**

Counter-Plaintiff's claims are barred, precluded or limited insofar as Counter-Plaintiff does not hold a valid or enforceable trademark or trade name in the mark or name at issue concerning which it purports to make its claims.

### **FOURTH DEFENSE**

Counter-Plaintiff's claims are barred, precluded or limited insofar as the Counter-Plaintiff does not own, in whole or in part, the trademark or trade name allegedly infringed.

- 4 -

## FIFTH DEFENSE

Counter-Plaintiff's claims are barred, precluded or limited insofar as Counter-Plaintiff is not the real party in interest to assert to claims herein.

## SIXTH DEFENSE

Counter-Plaintiff's Counter-Claim and claims for relief are barred, precluded or limited in whole or in part by the doctrine of laches.

## SEVENTH DEFENSE

Counter-Plaintiff's Counter-Claim and claims for relief are barred, precluded or limited in whole or in part by the doctrine of acquiescence.

## EIGHTH DEFENSE

Counter-Plaintiff's Counter-Claim and claims for relief are barred in whole or in part by the doctrine of estoppel.

## NINTH DEFENSE

Counter-Plaintiff's Counter-Claim and claims for relief are barred, precluded or limited in whole or in part by the doctrine of unclean hands.

## TENTH DEFENSE

Counter-Plaintiff's Counter-Claim for cancellation of Registration No. 2,436,383 is barred to the extent it is based on an allegation that Plaintiff/Counter-Defendant's mark is merely descriptive as the Registration has achieved incontestable status and cannot be cancelled on grounds of descriptiveness.

## ELEVENTH DEFENSE

Counter-Plaintiff's Counter-Claim for trade name infringement is barred pursuant to California Business and Professions Code Section 14417 as Plaintiff/Counter-Defendants owned and owns a federal registration under the Federal Trademark Act (15 U.S.C. § 1051 et seq.).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and Counter-Claim Defendant Prime Retail prays:

A. That the Counter-Claim be dismissed and that judgment be entered in favor of Prime Retail and against Counter-Plaintiff.

B. That the Court find that U.S. Federal Trademark Reg. No. 2,436,383 is valid, subsisting, incontestable and enforceable.

C. That Plaintiff and Counter-Claim Defendant Prime Retail be awarded its costs of defending against the Counter-Claim.

D. For any and all other relief to which Prime Retail may be justly entitled.

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury as to all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

Dated: October 1, 2007          DLA PIPER US LLP

By: /s/ Eugene Pak
Eugene M. Pak
Attorney for Plaintiff and Counter-Defendant
PRIME RETAIL, L.P.

- 6 -

PLAINTIFF/COUNTER-DEFENDANT'S ANSWER TO COUNTERCLAIM
(CASE NO. 3:07-CV-4342)
SANF1\379834.1