DLA PIPER US LLP
EUGENE M. PAK (State Bar No. 168699)
153 Townsend Street, Suite 800
San Francisco, CA 94107-1957
eugene.pak@dlapiper.com
Phone: 415.836.2500
Fax: 415.836.2501

DLA PIPER US LLP
ANN K. FORD *(admitted pro hac vice)*
THOMAS E. ZUTIC *(admitted pro hac vice)*
RYAN C. COMPTON *(admitted pro hac vice)*
1200 Nineteenth Street, NW
Washington, DC 20036-2412
Phone: 202.861.3900
Fax: 202.223.2085

*Attorneys for Plaintiff and Counter-Defendant*
PRIME RETAIL, L.P., a Delaware Limited Partnership

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIME RETAIL, L.P.<br>a Delaware Limited Partnership,<br><br>Plaintiff,<br><br>vs.<br><br>PRIME RETAIL, INC.<br>a California corporation,<br><br>Defendant.<br><br>_____<br><br>AND RELATED COUNTERCLAIM | Case No. 3:07-CV-4342 MJJ<br><br>**JOINT CASE MANAGEMENT<br>CONFERENCE STATEMENT**<br><br>Date:  December 4, 2007<br>Time:  2:00 p.m.<br>Place:  Courtroom 11, 19th Floor<br>Judge:  Hon. Martin J. Jenkins |

- 1 -

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
(CASE NO. 3:07-CV-4342)
SANFI\383448.1

1        The parties to the above-entitled action jointly submit this Case Management Conference

2   Statement and request the Court to adopt it as its Case Management Order in this case.

3       **1.    JURISDICTION AND SERVICE**

4        This is an action for trademark infringement and related claims, counterclaims, and

5   defenses.  Subject matter jurisdiction over Plaintiff's claims for infringement and related causes of action

6   is pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a), and 28 U.S.C. § 1367(a).   Subject

7   matter jurisdiction over Defendant's counterclaims for declaratory relief, cancellation and trade name

8   infringement is pursuant to 28 U.S.C. §§ 2201-2202, 15 U.S.C. § 1051 et seq., 28 U.S.C. §§ 1331 and

9   1338(a).  Service is complete.  There are no issues regarding personal jurisdiction or venue.  No parties

10  remain to be served.

11      **2.    FACTS**

12       Plaintiff Prime Retail, L.P. alleges that it is a real estate company which develops,

13  manages, and operates retail properties, including, shopping centers and outlet centers, throughout the

14  United States.  Plaintiff alleges that it has used the mark PRIME RETAIL since 1994 and owns an

15  incontestable federal trademark registration for the mark (Reg. No. 2,436,383), which was issued by the

16  U.S. Patent & Trademark Office in 2001.

17       Defendant Prime Retail, Inc. alleges that it is engaged in the business of sales of

18  commercial real estate including IRC Section 1031 tax exchanges and landlord-tenant representation in

19  Santa Clara County.  Defendant alleges that it has operated under the name Prime Retail, Inc. since in or

20  about December 2004 and has registered this corporate name with the California Secretary of State.

21  Defendant alleges that at the time it registered its name with the California Secretary of State, Plaintiff

22  had abandoned its registration with the California Secretary of State.  Defendant further alleges that

23  Plaintiff has no current operations in Santa Clara County and no plans to conduct business operations in

24  Santa Clara County.

25       On or about April 4, 2007, Plaintiff, through counsel, sent a cease and desist letter to

26  Defendant requesting that Defendant cease using PRIME RETAIL.  Defendant responded, through

27  counsel, by letter dated May 1, 2007.  The parties then exchanged further communications and

28                                   - 2 -

1   documents.  Plaintiff contended that Defendant was infringing Plaintiff's rights in the PRIME RETAIL

2   mark, among other things; Defendant contended, among other things, that Plaintiff was not using the

3   mark and that its registration was subject to cancellation.  The parties were not able to resolve the

4   dispute informally, and Plaintiff filed the present action on August 22, 2007.

5            Defendant and Counterclaimant filed an Answer and Counterclaim on September 11,

6   2007.  Defendant and Counterclaimant alleges, *inter alia*, that Plaintiff and Counter-defendant's mark is

7   void because both the mark and its incontestable status were procured by fraud and misrepresentations

8   to the U.S. Patent and Trademark Office.  Furthermore, the mark is generic and, thus, not subject to

9   registration.  Since Plaintiff and Counter-defendant's mark is invalid, Defendant and Counterclaimant is

10  the superior owner of the Company name PRIME RETAIL pursuant to a certificate of the California

11  Secretary of State.  Plaintiff and Counter-defendant's operation of "PRIME OUTLET" malls in

12  California under the trade name PRIME RETAIL violates Defendant and Counterclaimant's superior

13  rights under California law.

14          **3.    LEGAL ISSUES**

15          The principal legal issues are:

16      - whether or not Defendant's use of PRIME RETAIL infringes or constitutes unfair
          competition in violation of Plaintiff's rights under federal and state trademark law (15
17        U.S.C. § 1114 and § 1125(a); Cal. Bus. & Prof. Code § 17200);

18      - whether or not Defendant's use of PRIME RETAIL constitutes dilution under state
          trademark law (Cal. Bus. & Prof. Code § 14330);
19

20      - whether or not the PRIME RETAIL mark and/or Plaintiff's federal registration for the
          mark, including its incontestable status, is void or otherwise invalid due to allegedly
          being improperly registered, fraudulently obtained, void by estoppel, generic, merely
21        descriptive, abandoned, or functional (15 U.S.C. § 1127, § 1115(b); 15 U.S.C. §
          1065); and
22

23      - whether or not Plaintiff's use of PRIME RETAIL infringes Defendant's trade name
          Prime Retail, Inc. under California state law (Cal. Bus. & Prof. Code § 14415, §
24        14417).

25          **4.    MOTIONS**

26          There are no prior or pending motions.  Each party anticipates filing dispositive motions

27  (summary judgment).  Discovery motions may be filed as well.

28                                          - 3 -

### 5.    AMENDMENT OF PLEADINGS

The parties do not presently anticipate any amendments to the pleadings. The parties proposed that the deadline to amend pleadings be set 17 weeks (approximately 4 months) before the trial date.  See Section 17, below.

### 6.    EVIDENCE PRESERVATION

Parties have been advised by their respective counsel to preserve documentary and electronic evidence relevant to the issues in this action.

### 7.    DISCLOSURES

The parties propose to hold Rule 26(a) initial disclosures in abeyance until after they have had the opportunity to mediate this dispute.  Parties plan to pursue mediation in or about February 2008. Defendant's counsel is scheduled for a trial in January 2008 that may last a few weeks and, therefore, is unable to attend mediation until February 2008.

### 8.    DISCOVERY

The parties also propose to hold discovery in abeyance until after they have had the opportunity to mediate this dispute.  Again, the parties plan to pursue mediation in or about February 2008.  The parties do not anticipate any modification or limitations to discovery rules.

With respect to the subjects identified in Federal Rule of Procedure 26(f), the parties state that Rule 26(a)(1) Initial Disclosures will be made within 15 days after mediation if mediation is not successful, sometime in February or early March 2008.  The subjects of discovery include the use of the parties' respective marks and names, filings made to the USPTO or California Secretary of State, documents and other evidence relevant to use and registration, and any instances of confusion or lack thereof, among other things.

The parties propose that discovery be completed three months before the trial date, or by November or December 2008.  Further proposed deadlines are set forth in Section 17, below.

### 9.    CLASS ACTIONS

This case is not a class action case.

10.    **RELATED CASES**

There are no related cases.

11.    **RELIEF**

As set forth in its Complaint, Plaintiff seeks injunctive relief and monetary relief based on unfair competition, infringement and dilution (under state law) of its federally registered mark PRIME RETAIL pursuant to 15 U.S.C. § 1114 and § 1125(a), as well as under state law.  Plaintiff seeks an injunction prohibiting Defendant from using PRIME RETAIL and the domain name primeretailinc.com and any other mark now or hereafter confusingly similar to the PRIME RETAIL trademark, in violation of Plaintiff's rights, an accounting, and an order that Defendant engage in corrective advertising.  Plaintiff also seeks its reasonable attorneys' fees and costs incurred by it in prosecuting this action.

As stated in Defendant and Counterclaimant's answer and counterclaim, Counterclaimant seeks: (1) a declaration that Plaintiff and Counter-defendant's US Trademark Reg. No. 2,436,383 is void *ab initio*; (2) an Order canceling Plaintiff and Counter-defendant's US Trademark Reg. No. 2,436,383; (3) a declaration that no right of incontestability exists with regard to U.S. Trademark Reg. No. 2,435,383; (4) a declaration dismissing Plaintiff's complaint on the merits; (5) a declaration that Plaintiff and Counter-defendant's appropriation of the company name PRIME RETAIL in Santa Clara County is unlawful as to Defendant and Counter-claimant's prior use of the name in Santa Clara County; (6) pursuant to California Business and Professions Code 14402, an Order confirming that Defendant and Counter-claimant is the owner of the PRIME RETAIL company name in Santa Clara County and adjacent counties and an injunction prohibiting Plaintiff and Counter Defendant from using the PRIME RETAIL company name in Santa Clara County; and (7) an award to Defendant and Counter-claimant of reasonable costs and attorney fees pursuant to 15 USC 1117(a) associated with this suit.

12.    **SETTLEMENT AND ADR**

The parities, through counsel, have informally discussed settlement.  The parties have agreed to pursue mediation in or about February 2008.  Plaintiff and Defendant have agreed to pursue mediation through the Court's ADR program, however, Plaintiff has suggested private mediation if the

- 5 -

1   parties are unable to find a mediator mutually acceptable to both parties through the Court's ADR

2   program.  Defendant will consider private mediation in such case.

3         The parties have met and conferred, and submitted the ADR Certification and Joint

4   Stipulation pursuant to ADR Local Rule 3-5.

5         **13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

6         The parties respectfully do not consent to have this matter referred to United States

7   Magistrate Judge for all purposes.

8         **14.    OTHER REFERENCES**

9         The case is not suitable for references to binding arbitration, a special master or the

10  Judicial Panel on Multidistrict Litigation.

11        **15.    NARROWING OF ISSUES**

12        The parties do not presently anticipate that there are issues that can be narrowed by

13  agreement or motion, or through stipulated facts.  The parties do not presently anticipate a need for

14  bifurcation.

15        **16.    EXPEDITED SCHEDULE**

16        The parties do not believe this case is suitable to handling on an expedited basis.

17        **17.    SCHEDULING**

18        The parties have met and conferred regarding a discovery plan.  Again, the parties agree

19  and request that initial disclosures and discovery be held in abeyance until after they have had the

20  opportunity to pursue mediation in or about February 2008.

| Event | Proposed Schedule | Approx. Date |
|---|---|---|
| Initial Disclosures | 15 days after mediation | Feb-March 2008 |
| Last Day to Designate Experts (rebuttal experts disclosures subject to the deadlines in FRCP 26) | 25 weeks (≈ 6 mos.) before trial | Aug.- Sept. 2008 |

| Last Day to Amend Pleadings or Add Parties | 17 weeks (≈ 4 mos.) before trial | Oct.-Nov. 2008 |
|---|---|---|
| Discovery cutoff | 13 weeks (≈ 3 mos.) before trial | Nov.-Dec. 2008 |
| Last day for hearing dispositive motions | 9 weeks (≈ 2-1/2 mos.) before trial | Dec. 2008-Jan. 2009 |
| Pretrial conference order | 6 weeks (≈ 1-1/2 mos.) before trial | Jan.-Feb. 2009 |
| Pretrial conference; motions in limine to be filed; proposed voir dire questions lodged; | 4 weeks (≈ 1 mos.) before trial | Jan-Feb. 2009 |
| Hearing on motions in limine; hearing on disputed jury instructions | 1 week before trial | Feb-March 2009 |
| Jury Trial | NA | February or March 2009 |

18.    **TRIAL**

The parties anticipate trying the case to a jury, and trial to last 3-5 days.

19.    **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiff and Counterdefendant has filed its Certification of Interested Entities or Parties. As stated therein, pursuant to Civil L.R. 3-16, the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1.    Prime Outlets Acquisition Company, LLC (general partner of Prime Retail, L.P.)

2.    Lightstone Prime, LLC (part owner of #1)

3.    JT Prime LLC  (part owner of #1)

4. AR Prime Holdings, LLC  (part owner of #1)

Defendant and Counterclaimant has filed its Certification of Interested Entities or Parties. As stated therein, pursuant to Civil L.R. 3-16, the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1. Dixie Divine – As an Officer and President of Defendant and Counterclaimant Prime Retail, Inc., she has a financial interest in a party to this proceeding;

2. Doug Ferrari – As a Partner of Defendant and Counterclaimant Prime Retail, Inc., he has a financial interest in a party to this proceeding.

**20.    OTHER MATTERS**

None.

Respectfully submitted,

Dated: November _27_, 2007                    DLA PIPER US LLP

By: _~~Eugene Pak~~_
Eugene M. Pak
Attorney for Plaintiff and Counter-Defendant
PRIME RETAIL, L.P.

Dated: November 27, 2007                    ROBINSON & WOOD

By: _/s/_
Joshua J. Borger
Attorney for Defendant and Counter-Plaintiff
PRIME RETAIL, INC.

- 8 -